**WO**                                                                                    TCK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Leroy Perez Calvillo Jr.,                    )    No. CV 07-0391-PHX-SMM (HCE)
                                             )
                Plaintiff,                   )    **ORDER**
                                             )
vs.                                          )
                                             )
Dora B. Schriro, et al.,                     )
                                             )
                Defendants.                  )
                                             )
_____     )

         Plaintiff Leroy Perez Calvillo Jr., who is confined in the Arizona State Prison in
Buckeye, has filed a *pro se* Motion For Injunctive Relief. Although Plaintiff alleges
violations of his constitutional rights in the motion, his motion is not accompanied by a civil
rights Complaint pursuant to 42 U.S.C. § 1983.  Additionally, Plaintiff has not paid the
$350.00 civil action filing fee nor has he filed a proper Application to Proceed In Forma
Pauperis and inmate trust account statement.  However, Plaintiff has paid $5.00 of the $350
filing fee.

**I.      Payment of Filing Fee**

         When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump
sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally
as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires
an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the

JDDL

1
2
3
4

six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period. Id.  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4(a).

5
6
7
8
9
10
11

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

12

## II.    Application Fails to Comply With Statute

13
14
15
16
17
18

Plaintiff has not filed an Application To Proceed In Forma Pauperis nor has he filed an inmate trust account statement.  However, Plaintiff has paid $5.00 of the $350 filing fee. Accordingly, Plaintiff now owes a remaining balance of $345 for the filing of this action. Plaintiff will be granted 30 days to either pay the remaining $345.00 balance of the filing fee or file a complete Application to Proceed *In Forma Pauperis* and an inmate trust account statement.

19

## III.   Motion For Injunctive Relief

20
21
22
23
24
25
26
27
28

Pending before the Court is Plaintiff's Motion For Injunctive Relief (Doc. #1).  A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*).  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim).  In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim.  Because

1   there presently is no complaint pending in this action, Plaintiff's request is not properly

2   before the Court at this time.  Indeed, even if Plaintiff's motion justified injunctive relief,

3   there are presently no defendants against which the relief could be granted.  Accordingly, the

4   Court will deny the motion without prejudice.  Plaintiff may renew the motion no earlier then

5   when he files his amended complaint.

6   **IV. Court-Approved Form**

7          Plaintiff also not submitted a Complaint on a current court-approved form as required

8   by the Local Rules of Practice.  The form elicits certain information that assists Plaintiff and

9   permits the Court to efficiently process his action.  For example, the form calls for Plaintiff

10  to select whether he sues in their individual or official capacities, and the form also asks

11  Plaintiff to identify whether his claim fits within a list of categories.  In light of Plaintiff's

12  failure to use the form, the Court will allow him 30 days to file an Amended Complaint using

13  the court-approved form.  To assist Plaintiff, the Court will direct the Clerk of Court to send

14  Plaintiff a current court-approved form for a civil rights action.

15  **V.   Warnings**

16         **A.   Address Changes**

17         Plaintiff must file and serve a notice of a change of address in accordance with Rule

18  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

19  relief with a notice of change of address.  Failure to comply may result in dismissal of this

20  action.

21         **B.   Copies**

22         Plaintiff must submit an additional copy of every filing for use by the Court.  See

23  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

24  to Plaintiff.

25         **C.   Possible Dismissal**

26         If Plaintiff fails to timely comply with every provision of this Order, including these

27  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

28

JDDL                                                - 3 -

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

2  comply with any order of the Court).

3  **IT IS ORDERED:**

4        (1)    That Plaintiff's Motion For Injunctive Relief (Doc. #1) is denied;

5        (2)    Within 30 days of the date this Order is filed, Plaintiff must either pay the

6  remaining $345.00 balance of the filing fee **or** file a completed Application to Proceed *In*

7  *Forma Pauperis* and a certified six-month trust account statement.

8        (3)    Plaintiff shall have 30 days from the date this Order is filed to amend his

9  Complaint in compliance with the Court's Order;

10        (4)    If Plaintiff fails to either pay the $345.00 balance of the filing fee or file a

11  completed Application to Proceed *In Forma Pauperis* AND fails to file a Complaint on a

12  court-approved form within 30 days, the Clerk of Court must enter a judgment of dismissal

13  of this action without prejudice and without further notice to Plaintiff.

14        (5)    The Clerk of the Court must mail Plaintiff a court-approved form for filing

15  an Application to Proceed *In Forma Pauperis* (Non-Habeas) and for filing a civil rights

16  Complaint pursuant to 42 USC §1983.

17        DATED this 2nd day of March, 2007.

18

19

20

21  Stephen M. McNamee

22  United States District Judge

23

24

25

26

27

28

JDDL

- 4 -

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action.  If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee.  However, the court will assess an initial partial filing fee.  The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee.  Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.  The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00.  The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint.  You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.  If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from <u>each</u> institution at which you were confined.  If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , | ) |
| Plaintiff, | ) CASE NO. _____ |
|  | ) |
| vs. | ) |
|  | ) APPLICATION TO PROCEED |
|  | ) *IN FORMA PAUPERIS* |
| _____ , | ) BY A PRISONER |
| Defendant(s). | ) CIVIL (NON-HABEAS) |
|  | ) |

I, _____ , declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined? ☐Yes ☐No
If "Yes," state the amount of your pay and where you work. _____
_____
_____

3. Do you receive any other payments from the institution where you are confined? ☐Yes ☐No
If "Yes," state the source and amount of the payments. _____
_____
_____

4.    Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                                 ☐Yes          ☐No
      If "Yes," state the sources and amounts of the income, savings, or assets. _____
      _____
      _____

      I declare under penalty of perjury that the above information is true and correct.

_____                    _____
        DATE                                          SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

      I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
      My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
            (A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or
            (B)  the average monthly balance in my account for the six-month period preceding my filing of this action.
      My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
        DATE                                          SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

      I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)
The applicant's trust account balance at this institution is:                    $_____
The applicant's average monthly deposits during the prior six months is:         $_____
The applicant's average monthly balance during the prior six months is:          $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE          AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

## I. General Information About the Civil Rights Complaint Form:

A. <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:

U.S. District Court Clerk                  U.S. District Court Clerk
U.S. Courthouse, Suite 321              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119          Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this __ day of___(month)___,(year)_, to:
> Name: _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)
>
>
> _____
>  (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

    1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

    2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

    3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

    4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

    5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

    You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)         Plaintiff,    )
                                              )
                                              )
                         vs.                  )  **CASE NO.** _____
                                              )        (To be supplied by the Clerk)
_____ , )
                                              )
_____ , )
                                              )      **CIVIL RIGHTS COMPLAINT**
_____ , )           **BY A PRISONER**
                                              )
_____ , )    ☐ Original Complaint
(Full Name of Each Defendant)    Defendant(s). )    ☐ First Amended Complaint
                                              )    ☐ Second Amended Complaint
_____    )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
     b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     c.   ☐ Other:  (Please specify.) _____ .

2.   Name of Plaintiff: _____ .
     Present mailing address: _____ .
                          **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____ .

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                                    <span style="text-align:center">(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number:  _____.

d.  Claims raised:  _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed:  _____.

g.  Approximate date of disposition:  _____.

4.  Second prior lawsuit:
a.  Parties to previous lawsuit:
Plaintiff:  _____.
Defendants:  _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number:  _____.

d.  Claims raised:  _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed:  _____.

g.  Approximate date of disposition:  _____.

5.  Third prior lawsuit:
a.  Parties to previous lawsuit:
Plaintiff:  _____.
Defendants:  _____
_____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.  Case or docket number:  _____.

d.  Claims raised:  _____
_____
_____.

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.  Approximate date lawsuit was filed:  _____.

g.  Approximate date of disposition:  _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail            ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion     ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
      Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
      authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
           your institution?                                                   ☐ Yes   ☐ No
      b.   Did you submit a request for administrative relief on Count I?        ☐ Yes   ☐ No
      c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes   ☐ No
      d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
           why you did not.  _____
           _____.

4

**COUNT II**

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)      ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count II?              ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

_____ .

**COUNT III**

1.     The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.     Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
       in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
       ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion        ☐ Retaliation
       ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.     **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
       each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
       legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.     **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.     **Administrative Remedies:**
       a.     Are there any administrative remedies (grievance procedures or administrative appeals) available at
              your institution?                                                              ☐ Yes    ☐ No
       b.     Did you submit a request for administrative relief on Count III?               ☐ Yes    ☐ No
       c.     Did you appeal your request for relief on Count III to the highest level?       ☐ Yes    ☐ No
       d.     If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
              why you did not. _____

              _____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more
than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.